IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VIRGLE SHELTON, | ) | |
| TDCJ #873504, | ) | |
|     Plaintiff, | ) | |
| | ) | 7:06-CV-172-O |
| v. | ) | |
| | ) | |
| MS. JOHNS, *et al.*, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Came on this day to be considered *Defendants Ward, Wilkinson and Wilson's Motion for Summary Judgment* (Doc. #26) and *Plaintiff's Motion for Summary Judgment* (Doc #30), and the court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate who, at the time of filing, was confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Defendants are employees of the Texas Tech University Health Sciences Center and provide medical care services for inmates at the Allred Unit. *Defendants' Brief in Support of Their Motion for Summary Judgment p. 2 (hereinafter "Defendants' Brief at p. ___").*

Plaintiff claims that he was denied proper medical care for a lacerated tongue which occurred during an accidental fall at the Allred Unit. *Complaint ¶ V.* He seeks monetary damages and injunctive relief. *Complaint ¶ VI.*

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows

of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Defendants concede that plaintiff suffered an accident which caused a severe laceration to his tongue on March 30, 2006. *Defendants' Brief at p. 5.* On that day, plaintiff Shelton was seen in the Allred Unit infirmary and evaluated by Nurse Scott. *Defendants' Appendix A in Support of Their Motion for Summary Judgment p. 29 (hereinafter "Defendants' Appendix A at p. ___" ).* Shelton was given ibuprofen pursuant to prison medical protocol and told to rinse his tongue with warm salt water several times during the night and to return to the infirmary the following morning for further evaluation. *Id.* The next day, plaintiff returned to the infirmary and was seen by defendant Wilson who evaluated Shelton's injury and advised him that he would discuss the injury with the regional medical director. *Defendants' Appendix A at p. 22.* The medical records reflect that Wilson discussed Shelton's condition with Dr. Tim Revell, the Regional Medical Director, who instructed Wilson to place one absorbing suture in the center of the laceration. *Defendants'*

*Appendix A at p. 21.* Plaintiff was instructed to return to the medical department in seven days for reevaluation. *Id.*

Plaintiff returned to the infirmary on April 7, 2006, complaining that his tongue was sore. *Defendants' Appendix A at p. 20.* He was seen by defendant Wilson who noted that the tongue was partially healed with no inflamation. *Id.* He also indicated that, per plaintiff, the suture had come out in one day. *Id.* Wilson replaced the suture and instructed plaintiff to return in seven days. *Id.* On April 14, 2006, plaintiff was again seen in the medical department . *Defendants' Appendix A at p. 19.* Defendant Wilson noted that the laceration was healing slowly, but without visible signs of infection or inflamation. *Id.* On May 2, 2006, plaintiff was seen again by defendant Wilson who determined that the laceration was 99% closed and healing without abnormality. *Defendants' Appendix A at p. 18.* Wilson prescribed ibuprofen 600 mg for plaintiff. *Id.*

The medical records clearly show that plaintiff was seen, evaluated, and treated multiple times for the injury to his tongue. Tim Revell, M.D., reviewed plaintiff's medical records and has submitted an affidavit. *Defendants' Appendix B, Affidavit of Dr. Tim Revell, M.D.* Revell states that closed sutures are not normally used in lacerations of the tongue because of an excessive risk of infection due to the fact that a person's mouth is particularly bacteria ridden. *Defendants' Appendix B at p. 61.* Lacerations of the tongue are closed loosely with sutures and sometimes not closed at all to prevent infection and allowed the tongue to heal. *Id.* Dr. Revell concludes that Shelton received appropriate medical treatment for his injury.

The summary judgment evidence indicates that plaintiff was not denied medical care, rather, he disagrees with the nature of the care provided. Such a disagreement does not rise to the level of a constitutional violation. In his *Motion for Summary Judgment* (Doc. #30), plaintiff states that he

-3-

will show that the injury left him with a permanent speech impairment, that eating and swallowing food is difficult and that the damage done cannot be repaired. *Plaintiff's Motion for Summary Judgment p. 2.* To the extent, if any, that plaintiff states a claim for medical negligence, such a claim does not rise to the level of a constitutional violation. Plaintiff has presented no arguments or evidence which could demonstrate that the actions of defendants in treating his injury resulted in the conditions he describes. In short, plaintiff was provided with medical care for his lacerated tongue.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City*

*of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment

will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that *Defendants' Motion for Summary Judgment* is GRANTED. Plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The clerk of court shall transmit copies of this order to plaintiff and to counsel for defendants.

SO ORDERED this 30th day of September, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**